IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK EDWARDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-1363-NJR-DGW |
| ) | |
| SALVADOR GODINEZ, JAMES JOHNSON, ) | |
| C/O JOHN MOHR, C/O KYLE MASSEY, and ) | |
| C/O TONY STONER, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted her administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on Exhaustion filed by Defendants on May 27, 2015 (Doc. 26) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Frank Edwards[1], an inmate in the custody of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Lawrence Correctional Center, brings this action

---

[1] As explained in Judge Rosenstengel's Referral Order (Doc. 8), Plaintiff's legal name is Frank Edwards; however, he claims to be a transgender inmate who prefers to be called Tracey Edwards. Although the Court must use Plaintiff's legal name, feminine pronouns will be used in reference to Plaintiff Edwards.

pursuant to 42 U.S.C. §1983 alleging that she was sexually assaulted at Big Muddy Correctional Center ("Big Muddy") on September 19, 2014. More specifically, Plaintiff alleges that Defendant Correctional Officers Kyle Massey and Tony Stoner used excessive force by dragging Plaintiff and pinning her down while she was sexually assaulted by other inmates. Plaintiff further claims that these Defendants failed to protect her from the sexual assault and were deliberately indifferent to her medical needs in failing to secure her medical treatment following the assault. Plaintiff is also proceeding in this matter against Defendant Correctional Officers James Johnson and John Mohr for writing Plaintiff up on false disciplinary charges because she would not keep quiet about what happened to her. Defendant Salvador Godinez is named in this lawsuit in his official capacity only for purposes of carrying out any injunctive relief that is ordered.

On May 27, 2015, Defendants filed a Motion for Summary Judgment asserting Plaintiff filed this lawsuit prior to exhausting her administrative remedies (Doc. 26). In reliance on the affidavit of Terri Anderson, a manager in the Office of Inmate Issues, referred to hereinafter as the Administrative Review Board ("ARB"), Defendants assert that Plaintiff filed three grievances dated October 24, 2014, November 14, 2014, and January 13, 2015, complaining of a sexual assault at Big Muddy, to which it responded on April 15, 2015, after Plaintiff initiated this lawsuit on December 10, 2014. Accordingly, Defendants contend that Plaintiff's filing of this lawsuit was premature and, as such, should be dismissed.

Plaintiff timely responded to Defendants' Motion arguing that she sent grievances to her counselor and/or Grievance Officer following the sexual assault, but never received any response (Doc. 38). Further, Plaintiff contends she sent additional grievances directly to the ARB after

she was transferred out of Big Muddy, but never received any answer until April 15, 2015, approximately five months after she sent them.

*Pavey Hearing*

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on the issue of exhaustion on August 31, 2015. At the hearing, Plaintiff testified on her behalf. Plaintiff explained that on the day immediately following the sexual assault, September 20, 2014, she wrote an emergency grievance directed to the Big Muddy Warden. Plaintiff testified that she never received a response to this grievance. On October 24, 2014, Plaintiff explained that she wrote another grievance and sent one copy to her counselor, one copy to the Warden, and one copy to the ARB. Plaintiff never received any response to this grievance until April 15, 2015, when she received a response from the ARB. Plaintiff averred that she wrote another grievance in November, 2014, complaining about her counselor's failure to address her previous grievance. Plaintiff's counselor told her that the previous grievance was turned over to internal affairs. On or about November 13, 2014, Plaintiff was transferred out of Big Muddy and, as such, she submitted subsequent grievances directly to the ARB.

Defendants primarily rested on the arguments set forth in their Motion for Summary Judgment; however, they implored the Court to disregard Plaintiff's testimony concerning her September 20, 2014 grievance as such statements contradict those made in Plaintiff's complaint regarding her attempts at exhaustion.

CONCLUSIONS OF LAW

*Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "that there is no

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

>The Prison Litigation Reform Act provides:
>
>No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182

F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).  Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.  In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies.  *Id.* 544 F.3d at 742.  If a Plaintiff has exhausted his remedies, the case will proceed on the merits.  If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor.  ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id.* §504.810(b).  The grievance form shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who

is the subject of the complaint. *Id.* § 504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed, where reasonably feasible under the circumstances. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the Administrative Review Board. *See Id.* The Administrative Review Board shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id.* § 504.850(f).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id.* §504.840. If, after receiving a response from the CAO, an offender feels that the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id.* § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The

availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

*Discussion*

Based on the evidence adduced and arguments made at the hearing, it is recommended that the Court find Plaintiff failed to exhaust her administrative remedies prior to filing this suit.

With regard to Plaintiff's testimony about a September 20, 2014 grievance, the Court does not find her assertions to be credible. Importantly, in her complaint, which is written by, attested to, and sworn to be true and correct under penalty of perjury, Plaintiff indicates that she submitted grievances on October 24, 2014 and November 14, 2014, but never received a response. Plaintiff makes no mention of a grievance submitted on September 20, 2014. The Court is not persuaded by Plaintiff's assertions that she omitted any reference to the September 20, 2014 grievance in her complaint because she did not retain a copy of it and had no evidence it had been sent, as Plaintiff has not provided the Court with copies of any of the grievances she allegedly submitted. Any and all grievances and related letters were provided by Defendants, not Plaintiff. Further, the Court notes that the grievances and letters submitted to the ARB are devoid of any reference to a September 20, 2014 grievance. As such, there is no competent,

corroborating evidence that Plaintiff submitted a grievance on September 20, 2014.

The Court also finds that Plaintiff's grievance dated October 24, 2014 (*see* Doc. 27-1, pp. 5-8) is insufficient to establish exhaustion of her administrative remedies. With regard to this grievance, Plaintiff testified that she made three copies of this grievance and sent one to her counselor, one to the Big Muddy Warden, and one to the ARB. According to Plaintiff, she never received any response from her counselor or the Warden, and only received a response from the ARB on April 15, 2015.

The evidence before the Court does not support Plaintiff's testimony. More specifically, a review of the ARB grievance records for Plaintiff indicates that the ARB did in fact receive a grievance dated October 24, 2014; however, such grievance was not received until December 4, 2014. While Plaintiff would like the Court to believe the ARB held onto this grievance and did not recognize it as having been received until December 4, 2014, the Court finds that the more plausible explanation is that Plaintiff back-dated this grievance prior to sending it to the ARB and the ARB did in fact receive it on December 4, 2014. In support of this finding, the Court notes that a number of documents were received by the ARB on December 4, 2014, including grievances dated October 24, 2014 and November 14, 2014. There are no markings on these grievances other than Plaintiff's own handwriting dating the grievance, to support a finding that they were in fact written and submitted on those dates. Importantly, along with the grievances received by the ARB on December 4, 2014, there are a number of letters purportedly sent to the Director of the ARB and Warden Roeckman (*see* Doc. 27-1, pp. 9-11). These letters were dated by Plaintiff as November 24, 2014, October 24, 2014, and October 22, 2014 (*Id.*). However, these letters were notarized and the notary's date on these grievances indicates they were signed

on November 26, 2014 (*Id.*).  Further, Plaintiff's trust fund statement from the relevant time period is devoid of any indication that he purchased postage and/or sent any materials on or about October 24, 2014 (*see* Doc. 3, p. 7).  As such, logic prescribes that Plaintiff did not send any grievance to the ARB on October 24, 2014; rather, Plaintiff sent a number of back-dated documents to the ARB on or about November 26, 2014.  Accordingly, the Court finds Plaintiff's testimony that she sent a grievance to the ARB, as well as her counselor and Warden on October 24, 2014 disingenuous and, as such, discounts such testimony.

Finally, the Court notes that Plaintiff's grievances dated November 14, 2014 (Doc. 27-1, pp. 13-18) are insufficient to establish exhaustion.  As stated above, the Court finds that these grievances were not in fact submitted November 14, 2014, but rather, were likely submitted on or about November 26, 2014.  The Court notes that the discrepancy in submission dates is not dispositive of the issue here; rather, Plaintiff's failure with regard to these grievances is related to the timing of the filing of this lawsuit.  These grievances were submitted following Plaintiff's transfer from Big Muddy to Lawrence.  As such, Plaintiff was able to send them directly to the ARB for review.  However, pursuant to the Illinois Administrative Code, the ARB may make a final determination of the grievance within *six months* after receipt of the appealed grievance, where reasonably feasible under the circumstances.  *Id.* § 504.850(f) (emphasis added).  Accordingly, Plaintiff's initiation on this lawsuit on December 10, 2014 was premature.  Similarly, Plaintiff's January 13, 2015 grievance, filed *after* this lawsuit was initiated, is certainly insufficient to establish exhaustion of Plaintiff's administrative remedies.

## RECOMMENDATIONS

Based on the foregoing, it is hereby **RECOMMENDED** that the Motion for Summary

Judgment filed by Defendants Salvador Godinez, James Johnson, Kyle Massey, John Mohr, and Tony Stoner (Doc. 26) be **GRANTED**; that the Court **FIND** that Plaintiff did not exhaust her administrative remedies prior to filing suit; that the action be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: September 30, 2015**

                                                                                                        *Donald Wilkerson*

                                                                                                        **DONALD G. WILKERSON**
                                                                                                        **United States Magistrate Judge**